UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| **JAMES R. BRECKENRIDGE, SR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.** <u>3:16-CV-485-JHM</u> |
| | ) | |
| **v.** | ) | *Electronically Filed* |
| | ) | |
| **EAGLE FINANCIAL SERVICES, INC.** | ) | |
| | ) | |
| **Serve:     Edward G. Reynolds** | ) | |
| **Registered Agent** | ) | |
| **7791 Dixie Highway, Suite B** | ) | |
| **Florence, Kentucky  41042** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **COLLECTO, INC. d/b/a EOS CCA** | ) | |
| | ) | |
| **Serve:     CT Corporation System** | ) | |
| **Registered Agent** | ) | |
| **306 West Main Street** | ) | |
| **Suite 512** | ) | |
| **Frankfort, Kentucky 40601** | ) | |
| | ) | |
| **Defendants.** | ) | |

\* \* \* \* \*

**COMPLAINT**

Plaintiff James Breckenridge, by counsel, for his Complaint against Defendants Eagle

Financial Services, Inc. and Collecto, Inc., states as follows:

**INTRODUCTION**

1.     This is an action for actual and statutory damages and injunctive relief brought by

Mr. Breckenridge against Eagle Financial and Collecto for violations of the Fair Debt Collection

Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive,

and unfair practices in the collection of consumer debt, and the Fair Credit Reporting Act ("FCRA"), which prohibits creditors from reporting incorrect information to consumer reporting agencies.  The United States Bankruptcy Court for the Western District of Kentucky discharged Mr. Breckenridge's accounts with these Defendant creditors on May 28, 2015.  Despite the Court's discharge and injunction against further collection efforts, these creditors continue their collection efforts and continue to report the accounts as delinquent on Mr. Breckenridge's consumer credit reports.

## PARTIES, JURISDICTION AND VENUE

2.     Mr. Breckenridge is a resident of Louisville, Jefferson County, Kentucky.  He is a disabled veteran of the United States Marine Corp, having served his country honorably and having been injured in the line of duty.

3.     Defendant Eagle Financial is a company organized and existing under the laws of the Commonwealth of Kentucky that does extensive business within this judicial district.

4.     Defendant Collecto is a foreign company registered to do business in the Commonwealth of Kentucky that does extensive business within this judicial district.

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this is a civil action arising under the laws of the United States.

6.     Venue in this District is proper because Defendants transact business in this District and Mr. Breckenridge is a resident of this District.

## FACTS

7.     Mr. Breckenridge is a "consumer" as that term is defined in the FDCPA and the FCRA.

8.      On November 1, 2009, Mr. Breckenridge filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Western District of Kentucky.  An automatic stay went into effect on that same date.

9.      At the time of Mr. Breckenridge's filing, he had open credit accounts with Eagle Financial and Time Warner Cable.

10.     At some time thereafter, Time Warner Cable transferred his account to Collecto while Mr. Breckenridge was in default.

11.     On May 28, 2015, the Bankruptcy Court entered an Order discharging the Eagle Financial and Collecto accounts and prohibiting Defendants from attempting to collect them.

12.     Following discharge, to accommodate disabilities resulting from injuries incurred in the line of duty, Mr. Breckenridge hoped to purchase a new home that was more accessible to him than his current home.

13.     Despite the automatic bankruptcy stay, the discharge Order, and the discharge injunction, Defendants continued on multiple occasions to attempt to collect on the accounts from Mr. Breckenridge.

14.     In its attempts, Collecto failed to give appropriate notice of the alleged debt.

15.     In its attempts, Collecto contacted Mr. Breckenridge by telephone on multiple occasions, sometimes using abusive, expletive-filled language.

16.     Since May 2015, Eagle Financial and Collecto have reported amounts not due from Mr. Breckenridge to consumer credit reporting agencies.

17.     Because of Defendants' inappropriate credit reporting, Mr. Breckenridge was rejected for a new home loan and other credit opportunities.

18.     Because Mr. Breckenridge was rejected for a new home loan, he continues to reside in a home that is difficult to navigate due to his injuries.

19.     These actions caused Mr. Breckenridge to suffer damages and have otherwise caused Mr. Breckenridge severe emotional distress and anxiety.

## COUNT 1:
## FAIR DEBT COLLECTION PRACTICES ACT
### (Collecto)

20.     Mr. Breckenridge incorporates by reference the allegations previously set forth in this Complaint.

21.     The actions detailed above constitute multiple violations of the Fair Debt Collection Practices Act.  Specifically, Collecto's actions constitute violations of 15 U.S.C. 1692d(2), 15 U.S.C. § 1692e(2), (5), (8), (10) and (14), 15 USC § 1692f(1), and 15 USC § 1692g(a).

22.     Collecto's unlawful actions caused Mr. Breckenridge to sustain actual damages in the form of mental and emotional distress, turmoil, worry, disgrace, embarrassment, stress, anxiety, and humiliation, entitling him to relief in the form of actual damages, statutory damages, attorney's fees, and costs.

## COUNT 2:
## WILLFUL NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT
### (Both Defendants)

23.     Mr. Breckenridge incorporates by reference the allegations previously set forth in this Complaint.

24.     By engaging in the conduct set forth above, Eagle Financial and Collecto knowingly and willfully reported inaccurate information regarding Mr. Breckenridge to consumer reporting agencies in violation of 15 U.S.C. § 1681a, *et seq*.

4

25.     Defendants' actions caused Mr. Breckenridge to suffer damages, including emotional and mental distress and loss of credit opportunities, in an amount to be determined at trial.

26.     Mr. Breckenridge demands that Defendants correct their inaccurate credit reporting and disclose all credit reporting agencies to whom they reported this inaccurate credit reporting, such that an investigation into the report may commence pursuant to 15 U.S.C. § 1681i.

27.     In addition to actual damages, interest, expenses and court costs, Mr. Breckenridge is entitled to attorney fees, statutory damages and punitive damages pursuant to 15 U.S.C. § 1681n.

## COUNT 3:
## NEGLIGENT NONCOMPLIANCE WITH
## THE FAIR CREDIT REPORTING ACT
### (Both Defendants)

28.     Mr. Breckenridge incorporates by reference the allegations previously set forth in this Complaint.

29.     In the alternative, by engaging in the conduct set forth above, Eagle Financial negligently reported inaccurate information regarding Mr. Breckenridge to consumer reporting agencies in violation of 15 U.S.C. § 1681a, *et seq*.

30.     Defendants' actions caused Mr. Breckenridge to suffer damages, including emotional and mental distress, and loss of credit opportunities, in an amount to be determined at trial.

31.     Mr. Breckenridge demands that Defendants correct this inaccurate credit reporting and disclose all credit reporting agencies to whom they reported this inaccurate credit reporting, such that an investigation into the report may commence pursuant to 15 U.S.C. § 1681i.

32.     In addition to actual damages, interest, expenses and court costs, Mr. Breckenridge are entitled to attorney fees and statutory damages pursuant to 15 U.S.C. § 1681o.

## PRAYER FOR RELIEF

Wherefore, Mr. Breckenridge demands relief against Defendants as follows:

a.      Entry of a Judgment to compensate him for damages to which he is entitled, including but not limited to actual, compensatory, statutory and punitive damages;

b.      Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law;

c.      Trial by jury on all issues so triable;

d.      An award of attorney's fees and costs herein incurred;

e.      Any and all other relief to which he may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

CRAIG HENRY PLC
James Craig

___/s/ James Craig_____
239 S. Fifth Street, Suite 1400
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com

*Counsel for James R. Breckenridge, Sr.*